UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROPHET PAULCIN,

      Plaintiff,

v.                                Case No: 2:17-cv-232-FtM-99MRM

SECRETARY, DOC, WEXFORD
HEALTH SOURCES, INC., TOM
REIMERS, JOHN DOE, J. WILLIS,
K. WILLIAMS, R. COLLINS, M.
KING, J. LICATA, J. REID, J.
BRUSSELL, J. POLICARD, S.
MATTHEWSON, JOHN DOE, A. R.
GOLDSTEIN, K. BLANKENSHIP, A.
OZUAL, A. CAMPBELL, C. NIES, C.
JOHNSON, K. ROACH, B. R.
GALLAGHER, H. GUIDA, B. COPE,
FNU ZIAGLER and FNU JOHNSON,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Class Action (Doc. 14). Plaintiff, a state prisoner incarcerated in the Department of Corrections, alleges that "he is in threat of imminent death or great bodily

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

harm[2] and will suffer substantial irrevocable harm if his motion for extraordinary relief . . . is not granted." Doc. 14 at 1. The facts, as alleged by Plaintiff in his Motion are accepted as true for purposes of this Order. Plaintiff suffers from various mental health disorders and has committed many acts of self-harm. *Id.* at ¶¶2-3. On or about January 23 or 29, 2017, Gang members at Charlotte Correctional Institution stabbed Plaintiff in the head. *Id.* at ¶5. Plaintiff was transferred to Martin Correctional Institution on February 14, 2017. While there, he was repeatedly threatened and eventually assaulted by members of the same gang in April 2017. *Id.* at ¶¶7-9. After a suicide attempt, Plaintiff was recommended for transfer to a crisis stabilization unit (CSU); and, on April 24, 2017, was housed back in Charlotte Correctional. *Id.* at ¶¶ 12-13. Plaintiff notified correctional officials at Charlotte of the previous stabbing but officials took no action. *Id.* at ¶14. On April 26, 2017, Plaintiff was assaulted and stabbed multiple times by a gang member. *Id.* at ¶15. On May 8, 2017, Plaintiff was transferred to Dade Correctional Institution. *Id.* at ¶16. Plaintiff seeks, *inter alia*, to be placed on "house alone status" and transferred to a "constitutionally 'safe prison,'" and in particular, not be transferred back to either Martin or Charlotte Correctional Institutions. *Id.* at 3 ¶17, 12 ¶1. According to an exhibit attached to the Motion, "The Institutional Classification Team recommended and the State Classification Officer approved [Plaintiff] for a resolve protection transfer on 05/04/17[ ]" and Plaintiff was transferred from Charlotte Correctional Institution to Dade Correctional Institution. Doc. 14-1 at 10.

---

[2] In an abundance of caution, on the same day that Plaintiff filed this motion, the Court entered an expedited order directing the Clerk to notify prison officials of Plaintiff's allegations. *See* Doc. 15.

Under Local Rule 4.05(a), the purpose of a temporary restraining order is to support the status quo until the opposing party has been provided notice and an opportunity to respond to the motion for a preliminary injunction. Based on the date that Plaintiff's Motion was filed - August 14, 2017, Plaintiff's request for a transfer to a facility other than Charlotte Correctional or Martin Correctional appeared moot. Based on a review of Plaintiff's Second Amended Complaint (Doc. 18), the return address on the motion last-filed by Plaintiff (Doc. 19), and the Department of Corrections' Offender Network site, Plaintiff is again housed back in Charlotte Correctional Institution. http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=W11537&TypeSearch=AI. As a result, the Court will direct the Secretary of the Florida Department of Corrections to respond to Plaintiff's Motion.

As for Plaintiff's request for class certification, Plaintiff as a *pro se* litigant, cannot represent his fellow inmates in a class action, given that "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (per curiam) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Accordingly, it is now

**ORDERED:**

1.    The Secretary of the Florida Department of Corrections shall file a response to the Plaintiff's [construed] Motion for Preliminary Injunction (Doc. 14) **on or before February 23, 2018**.

2. Plaintiff's Motion for Temporary Restraining Order (Doc. 14), construed as a Motion for Preliminary Injunction, is **DEFERRED** pending a response from the Attorney General. The Court will rule on the papers without a hearing.

3. Plaintiff's Motion for Class Action (Doc. 14) is **DENIED**.

4. The **Clerk** shall immediately serve a copy of this Order on the Secretary for the Florida Department of Corrections, Attorney General, and the Warden at Charlotte Correctional by facsimile or electronic means.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of February, 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record