UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROPHET PAULCIN,

       Plaintiff,

v.                                             Case No: 2:17-cv-232-FtM-38MRM

WEXFORD HEALTH SOURCES,
INC., TOM REIMERS, JOHN DOE,
J. WILLIS, K. WILLIAMS, R.
COLLINS, M. KING, J. LICATA, J.
REID, J. BRUSSELL, J. POLICARD,
S. MATTHEWSON, JOHN DOE, A.
R. GOLDSTEIN, K. BLANKENSHIP,
A. OZUAL, A. CAMPBELL, C. NIES,
C. JOHNSON, B. R. GALLAGHER,
JULIE JONES, G. GERDI and JOHN
DOE,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Prophet Paulcin's (Construed) Motion for Preliminary Injunction (Doc. 14). In compliance with the Court's February 15, 2018, Order (Doc. 20), the Secretary of the Florida Department of Corrections filed a Response (Doc. 22) with supporting exhibits (Doc. 22-1 to Doc. 22-7) and advised that the Department has investigated Plaintiff's claims for protection and officials recently

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

determined that Paulcin should be placed in a Protective Management unit. Doc. 22 at ¶ 8; Doc. 22-1 at ¶ 9; Doc. 22-2. The Department has only two Protective Management units, one located within Columbia Correctional Institution and the other located within Wakulla Correctional Institution. Doc. 22 at ¶ 9. The Secretary anticipates Plaintiff will be transferred to one of those two facilities "within the next couple of weeks." Doc. 22 at ¶ 9; Doc. 22-1 at ¶ 9. Plaintiff will no longer be housed at either Martin or Charlotte Correctional Institutions. Doc. 22-1 at ¶ 9. According to the Florida Department of Corrections' Inmate Population Information Detail,[2] Paulcin is currently housed at Wakulla Annex.

Motion for Preliminary Injunction

Paulcin, alleging that he was under threat of imminent death or great bodily harm, sought a preliminary injunction seeking placement on "house alone status" and transfer to a "constitutionally 'safe prison'" other than Martin or Charlotte Correctional Institution where he claims he has been subjected to attack and gang violence. Doc. 14 at 1-3. As noted *supra*, Plaintiff is no longer confined at either Martin or Charlotte Correctional Institution due to his transfer to Wakulla and placement on Protective Management status. Injunctive relief is a prospective remedy that is meant to prevent future injuries. Thus, "[a] prisoner's request for injunctive relief relating to the conditions of his confinement becomes moot when he is transferred." *Davila v. Marshall*, 649 F. App'x 977, 979–80 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2116, 198 L. Ed. 2d 202 (2017) (dismissing as

---

[2] http://www.dc.state.fl.us.us/offenderSearch/detail.aspx?Page=Deatil&DCNumber=W11537&TypeSearch=AI

moot portion of appeal challenging denial of preliminary injunction as mooted by inmate's transfer to new facility and citing *Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir.1988)). The Secretary explains that Plaintiff's approval for Protective Management status necessitates that he can only be confined at either Wakulla or Columbia. Doc. 22 at 67. Consequently, the Court finds that the "capable of repetition, yet evading review" exception to mootness is not applicable in the instant case because it is not likely that Plaintiff will be transferred back to either Martin or Charlotte Correctional Institution. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Thus, the Court finds Paulcin's request for preliminary injunctive relief is moot.

### Screening of Plaintiff's Second Amended Complaint

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. See 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(g) when the plaintiff requests to proceed *in forma pauperis*. Pertinently, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the **prisoner** has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought **an action or appeal** in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As explained by the Eleventh Circuit Court of Appeals, "[t]his provision of the PLRA, 'commonly known as the 'three strikes' provision,' requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and

appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (quoting *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997)).

The Secretary in her response points out that Paulcin no longer can allege that he is under imminent danger or death or serious injury because the circumstances upon which Paulcin sought a preliminary injunctive relief – his confinement in Martin or Charlotte Correctional Institution where the alleged gang activity existed –are not present due to Paulcin's transfer. As a result, the Secretary submits that Plaintiff should be barred from proceeding on his Second Amended Complaint due to his three-strike status. Doc. 22 at 7.

A review of Paulcin's history of filings reveals that he indeed has had three civil actions or appeals[3] which count as strikes under Section 1915(g):

- *Paulcin v. Fla. Dep't of Corrections, et al.*, case number 3:03-cv-224-J-21TEM (M.D. Fla.) (July 25, 2003)(dismissing case for failure to state a claim and failure to exhaust);
- *Paulcin v. McNeil*, et al., case number 3:09-cv-151-LAC-MD (N.D. Fla.) (August 6, 2009)(dismissing case as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i));
- *Paulcin v. McNeil*, et al., case number 09-11804-C (11th Cir.)(September 22, 2009)(dismissing appeal as frivolous pursuant to § 1915(e)(2)(B)(i));
- *Paulcin v. McNeil*, et al., case number 09-14556-D (11th Cir.)(March 2, 2010)(dismissing appeal as frivolous pursuant to § 1915(e)(2)(B)(i)).

Given Paulcin's transfer and placement on Protective Management status, Paulcin can no longer assert that he is in imminent danger as a result of future attacks from gang members. The Second Amended Complaint, however, contains allegations that Paulcin

---

[3] The Court disagrees with the Secretary that *Paulcin v. Sec'y, Dep't of Corrections, et al.*, case number 03-14247-B (11th Cir. January 6, 2004) counts as a strike. Therein the Eleventh Circuit dismissed Paulcin's appeal for want of prosecution. The Eleventh Circuit has found that appeals dismissed for lack of prosecution do not count as strikes. *Daker v. Comm., Ga. Dep't of Corrections*, 820 F.3d 1278, 1284-85 (11th Cir. 2016).

has not received medical treatment for the serious injuries he claims he sustained from the alleged attacks. Paulcin avers that he is "constant unbearable physical pain as a result from his injuries and that said pain influences Plaintiff to contemplate suicide." Doc. 18 at 22-23. Plaintiff also alleges that he is at "risk" of losing his vision. *Id.* at 23. Due to his allegations of imminent threat of death or serious injury the Court properly permitted Paulcin to proceed *in forma pauperis* (Doc. 21)

Accordingly, it is now

**ORDERED:**

Plaintiff's (Construed) Motion to Preliminary Injunction (Doc. 14) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of March, 2018.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
*Pro Se* Plaintiff
All Parties of Record