UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROPHET PAULCIN,

      Plaintiff,

vs.                                CASE NO.: 2:17-cv-232-SPC-MRM

MARK INCH, as Secretary of Department of
Corrections, WEXFORD HEALTH SOURCES, INC.,
JOHN D. WILLIS, KARA WILLIAMS, JAMES LICATA,
JONATHAN REID, J. BRUSSELL,
JELANI POLICARD, STEPHEN MATHEWSON,
KAREN BLANKENSHIP, ANDRES OZUAL,
CAROLYN NIES, and C. JOHNSON,

      Defendants.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOG OF RECORD REQUESTS TO FDOC FOR REMOVAL OF REDACTIONS AS TO DEFENDANT POLICARD**

      COMES NOW the Defendant, MARK INCH, as Secretary of Department of Corrections, by and through his undersigned counsel, and hereby responds to Plaintiff's Log of Record Requests to FDOC for Removal of Redactions as to Defendant POLICARD (Doc. 171) as follows:

      1.    Plaintiff has filed a redacted log for the MINS reports for this individual defendant, and seeks removal of redaction for the following information:

           "Redaction notations for injuries, gang involvement, parts of narrative including a description of injuries and movements; Parts of the narrative presumably involving a description of injuries; Parts of the narrative involving violence and possible injury."

      2.    Plaintiff in his Third Amended Complaint, filed on September 4, 2018 (Doc. 31), relates the following and allegations generally:

           20.    Plaintiff arrived at Charlotte Correctional Institution on May 5, 2015.
           22.    Plaintiff alleges that on August 14, 2015 he was attacked.

31.   On December 5, 2016 Plaintiff was placed in Administrative Confinement.

38.   On January 23, 2017 Plaintiff was released from confinement.

39.   On January 29, 2017 Plaintiff was attacked.

50.   Plaintiff was transferred from Charlotte Correctional Institution to Martin Correctional Institution where he later attempted suicide.

51.   Plaintiff was recommended for a Crisis Stabilization Unit (CSU).

52.   On April 24, 2017, Plaintiff was transferred back to the Crisis Stabilization Unit (CSU) at Charlotte Correctional Institution.

70.   Plaintiff was then brought to medical.

71-75. Plaintiff was placed in restraints, and claims his arm was held with "pressure", and placed himself on the floor.  He was then put back in his cell.  Plaintiff requested medical attention.

76.   It was demanded that Plaintiff submit to being uncuffed, Plaintiff refused, and Plaintiff was brought into compliance with the orders to remove the cuffs.

83.   On the same date of April 26, 2017 Plaintiff alleges he was later attacked.

95-102. Plaintiff was transferred out of Charlotte Correctional Institution on May 8, 2017, and eventually was placed on suicide watch at a different institution after a voluntary hunger strike.  In December 2017 Plaintiff was transferred back to Charlotte Correctional Institution for the Crisis Stabilization Unit located at Charlotte C.I.

3.     Plaintiff has MINS reports for POLICARD totaling ten (10) MINS incident reports which can be clearly understood in the redacted form. The information sought by Plaintiff is completely irrelevant to the any information Plaintiff would use at any trial and is completely outside the scope of this case.   The only count against this Defendant, POLICARD, is Count III, Excessive Force, by Plaintiff, PAULCIN, only.

4.     The ten (10) MINS reports Plaintiff wishes to un-redact are as follows:

a.   This MINS report deals with inmate Cogdelle on August 16, 2017, where this MINS report does not deal with inmate PAULCIN at all. Further, inmate PAULCIN was not even present at Charlotte C.I. during this time frame. (See paragraphs 95-102 of Plaintiff's Third Amended Complaint).  In fact, the incident clearly can be read from the redacted version as inmate Cogdelle threw an unknown liquid out of the food slot striking officer POLICARD, listed as a victim.  Further, the "injuries and STG/STI involvement" (gang) had no bearing whatsoever on PAULCIN himself.  Medical restraints on others have

no bearing whatsoever on Plaintiff's cause of action as it is outside the scope of discovery or Plaintiff himself.

b. This MINS report deals with inmate Lagos, not PAULCIN, with an incident date of May 2, 2017.  In this instance, as can be seen from the redacted version, inmate Lagos while being escorted lunged at a captain, and physical force had to be utilized to prevent injury and gain compliance.  Further, the "injuries and STG/STI involvement" had no bearing whatsoever on PAULCIN himself.  Medical restraints have no bearing whatsoever on Plaintiff's cause of action as it is outside the scope of discovery.  any unredacted version is outside the scope of discovery and has no relation to Plaintiff himself.

c. This MINS report deals with Plaintiff, PAULCIN.  As seen by the incident report, in this incident report it states that he was being escorted downstairs (per the Complaint, to medical), and claimed he was pinched and squeezed on the right upper arm.  There was no mention of inmate PAULCIN laying on the ground per the Complaint.  It does state that he was "thrown" back into his cell and then the officers came in and "abused and insulted him".  As can be seen by the redacted version, the event is clearly documented, and a unredacted version serves no purpose.  Any gang involvement is irrelevant and any injuries (if any) of Plaintiff would be documented elsewhere.  Furthermore, this information has been disclosed in prior discovery.

d. This MINS report deals with inmate Pingree, incident date of March 21, 2017.  This has nothing to do with Plaintiff PAULCIN.  In fact, it is inmate Pingree attacking Defendant POLICARD, where force was utilized to prevent injury.  This is outside of the scope of discovery in this matter, and no relation to Plaintiff PAULCIN.

e. This MINS report deals with inmate Cunningham, incident date of March 15, 2017.  Again, this does not deal with Plaintiff PAULCIN, this is about inmate Cunningham, and as his restraints were being applied, he spit on Officer POLICARD's direction, landing on Officer POLICARD's body.  This report is outside the scope, and no relation to Plaintiff.

f. This Mins report deals with an incident on March 11, 2017 with inmate Lleras.  Inmate Lleras, as seen from the redacted version, tried to breakaway from Officer POLICARD's escort, where force was used to gain compliance.  This does not involve Plaintiff PAULCIN and is outside the scope of this matter.

g. This MINS report deals with an incident date of September 25, 2016 concerning inmate White.  As seen from the redacted version, it is obvious inmate White was not sitting up and was found deceased.  Defendant POLICARD was simply a witness.  This is outside the scope of discovery for this matter, and has no relation to Plaintiff.

h. This MINS report deals with an incident date of September 6, 2016 concerning inmate Jenkins.  During a search of inmate Jenkins (not by Defendant POLICARD) inmate Jenkins pulled away from a grasp and failed to follow orders.  Physical force was used to bring inmate Jenkins into compliance and from further assaulting another sergeant.  Officer POLICARD was simply a witness.  The redacted version does not need to be unredacted, and further, it does not deal with Plaintiff PAULCIN nor Officer POLICARD directly, and is outside the scope of this matter.

i. This is a similar MINS report of September 6, 2016 concerning inmate Jenkins, recitation from the same incident and Defendant would again object to producing the unredacted version.

j. This MINS report deals with an incident date of August 13, 2016, involving inmate Dorsey where inmate Dorsey attempted to breakaway from the escort and refused to follow the commands and physical force was used to gain compliance.  This does not deal with Plaintiff PAULCIN and is outside the scope of discovery.

5.    Defendant objects to the production of the unredacted versions of the aforementioned MINS reports as they are outside the scope of discovery for this matter, have no bearing upon the dates and allegations Plaintiff has put forth in his Third Amended Complaint, and as such would object resending unredacted versions.  Plaintiff PAULCIN himself is not implicated in the MINS reports (to the extent they have not already been disclosed).  Any gang involvement has no bearing upon any use of force as it relates to Plaintiff PAULCIN individually, and should not be unredacted whatsoever as it relates to privacy and security issues.  The category of injuries on the MINS report has no bearing either, it is simply the use of force that would be at issue on Plaintiff PAULCIN himself.  As noted in the MINS reports, each and every MINS report does have a "use of force" category, and each time it has not been redacted it states "y" or "n".

6.    Defendant objects to providing the unredacted versions of the MINS reports as they have no bearing on the current matter and are outside the scope of discovery.  Furthermore, almost all deal with inmate disturbances, issuing verbal commands, and gaining compliance after trying verbal methods.  The remaining deal with actual assaults on correctional officers and preventing further harm, which has no bearing on this matter.

7.    The vast majority deal with unruly inmates disobeying commands, and assaulting correctional officers.  The underacted, or even redacted versions, have no

bearing on the instant matter.  Plaintiff simply seeks a fishing expedition of information clearly understood to all who read the redacted versions, and an unredacted version serves no purpose other than to be burdensome materials not relevant.  Any use of force is clearly delineated on the redacted MINS report, and no information can be gathered from unredacted version without comprising the document or privacy.

8.      Plaintiff's request should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of April 2021 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
*Counsel for Plaintiff*

Alexander Dombrowsky, Esq.
M. Katherine Hunter, Esq.
Chimpoulis & Hunter, P.A.
150 South Pine Island Road
Suite 510
Plantation, Florida 33324
adombrowsky@chimpoulishunter.com
khunter@chimpoulishunter.com
llake@chimpoulishunter.com
*Counsel for Wexford Health Sources, Andres Ozual and Karen Blankenship*

VERNIS & BOWLING of Southwest Florida
**Attorneys for Defendants, Mark Inch, Jonathan Reid, John Willis, James Licata, Jerry Brussell, Kara Williams and Stephen Mathewson**
2369 West First Street
Fort Myers, FL 33901

Office: (239) 334-3035
Facsimile:  (239) 334-7702
**Email Designations:**
WKratochvil@florida-law.com
YGonzalez@florida-law.com
FMFiling@florida-law.com

By: ___*/s/ William O. Kratochvil*_____
      William O. Kratochvil
      Florida Bar No. 343640