UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROPHET PAULCIN,

     Plaintiff,

vs.                            CASE NO.: 2:17-cv-232-SPC-MRM

MARK INCH, as Secretary of Department of
Corrections, WEXFORD HEALTH SOURCES, INC.,
JOHN D. WILLIS, KARA WILLIAMS, JAMES LICATA,
JONATHAN REID, J. BRUSSELL,
JELANI POLICARD, STEPHEN MATHEWSON,
KAREN BLANKENSHIP, ANDRES OZUAL,
CAROLYN NIES, and C. JOHNSON,

     Defendants.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOG OF RECORD REQUESTS TO
FDOC FOR REMOVAL OF REDACTIONS AS TO DEFENDANT REID**

     COMES NOW the Defendant, MARK INCH, as Secretary of Department of Corrections, by and through his undersigned counsel, and hereby responds to Plaintiff's Log of Record Requests to FDOC for Removal of Redactions as to Defendant REID (Doc. 179) as follows:

     1.    Plaintiff has filed a redacted log for the MINS reports for this individual defendant, and seeks removal of redaction for the following information:

          "Redaction notations for injuries, gang involvement, parts of narrative including a description of injuries and movements; Parts of the narrative presumably involving a description of injuries; Parts of the narrative involving violence and possible injury."

     2.    Plaintiff in his Third Amended Complaint, filed on September 4, 2018 (Doc. 31), relates the following and allegations generally:

          20.    Plaintiff arrived at Charlotte Correctional Institution on May 5, 2015.
          22.    Plaintiff alleges that on August 14, 2015 he was attacked.

31.     On December 5, 2016 Plaintiff was placed in Administrative Confinement.

38.     On January 23, 2017 Plaintiff was released from confinement.

39.     On January 29, 2017 Plaintiff was attacked.

50.     Plaintiff was transferred from Charlotte Correctional Institution to Martin Correctional Institution where he later attempted suicide.

51.     Plaintiff was recommended for a Crisis Stabilization Unit (CSU).

52.     On April 24, 2017, Plaintiff was transferred back to the Crisis Stabilization Unit (CSU) at Charlotte Correctional Institution.

70.     Plaintiff was then brought to medical.

71-75.  Plaintiff was placed in restraints, and claims his arm was held with "pressure", and placed himself on the floor.  He was then put back in his cell.  Plaintiff requested medical attention.

76.     It was demanded that Plaintiff submit to being uncuffed, Plaintiff refused, and Plaintiff was brought into compliance with the orders to remove the cuffs.

83.     On the same date of April 26, 2017 Plaintiff alleges he was attacked.

95-102. Plaintiff was transferred out of Charlotte Correctional Institution on May 8, 2017, and eventually was placed on suicide watch at a different institution after a voluntary hunger strike.  In December 2017 Plaintiff was transferred back to Charlotte Correctional Institution for the Crisis Stabilization Unit located at Charlotte C.I.

3.      Plaintiff has MINS reports for REID totaling forty-eight (48) MINS incident reports. The information sought by Plaintiff is completely irrelevant to the any information Plaintiff would use at any trial and is completely outside the scope of this case.  The only count against this Defendant, REID, is Count III, Excessive Force, by Plaintiff, PAULCIN, only.

4.      The forty-eight (48) MINS reports Plaintiff wishes to un-redact are as follows:

    a. This MINS report deals with an incident date of December 7, 2017, involving inmate Gordon.  Inmate Gordon was in an agitated state, was escorted to the cell without incident.  No use of force was noted.  This matter is outside the scope of discover in this matter and does not relate to Plaintiff PAULCIN.

    b. This MINS report deals with an incident date of December 15, 2017, involving inmate Rape.  No use of force was noted.  Inmate Rape was displaying agitated behavior and self injurious behavior, and the inmate was secured in his cell.  This is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.

c. This MINS report deals with an incident date of November 28, 2017, involving inmate Bonaventure.  No use of force was used.  Inmate Bonaventure claims he was assaulted by 7 staff members during cell extraction.  See related MINS (in (d) below).  This does not involve Plaintiff PAULCIN and is outside the scope of discovery.  Also, Plaintiff PAULCIN was not present at Charlotte C.I. at this time.

d. This MINS report deals with an incident date of November 28, 2017, involving inmate Bonaventure.  During a cell extraction inmate Bonaventure states he was assaulted, see comments above concerning outside of scope, not involving Plaintiff PAULCIN, and PAULCIN not being located at Charlotte C.I. at this time.

e. This MINS report deals with an incident date of November 14, 2017, involving inmate Davis.  Inmate Davis was assaulted by another inmate, and no use of force was documented.  This is outside the scope of discovery in this matter, does not involve Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at this time.

f. This MINS report deals with an incident date of November 14, 2017, involving inmate Burnside.  Inmate Burnside had a lock in a sock, no use of force, simply a documented event.  This is outside the scope of discovery in this matter.  This does not related to Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I at this time.

g. This MINS report deals with an incident date of November 14, 2017, involving inmate Burnside.  Inmate Burnside assaulted another inmate, no use of force documented.  This is outside the scope of discovery in this matter, does not involve Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at this time.

h. This MINS report deals with an incident date of September 24, 2017, involving inmate Johnson.  Inmate Johnson refused to shower, resisted the shower and use of force was used to gain compliance after kicking shower door.  This matter is outside the scope of discovery in this matter, does not relate to Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at this time.

i. This MINS report deals with an incident date of September 5, 2017, involving inmate on inmate battery.  No use of force was noted.  This outside the scope of discovery in this matter, does not relate to Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at this time.

j. This MINS report deals with an incident date of July 6, 2017, involving an inmate.  Use of force documented on an allegation of improper touching. This is outside the scope of discovery in this matter, does not involve Plaintiff PAULCIN, and PAULCIN was not present at the time at Charlotte C.I.  See below MINS (k) and (l).

k. This MINS report deals with an incident date of July 5, 2017, involving inmate Lee.  Inmate Lee was beating his head against the window,

verbal orders were given, and physical force was utilized to gain compliance.  This is outside the scope of discovery in this matter, does not involve Plaintiff PAULCIN, and Plaintiff PAULCIN was not present at Charlotte C.I. at the time of this incident; see MINS directly above (j) and (l) below.

l.   This MINS report deals with an incident date of July 6, 2017, involving inmate Lee.  Inmate Lee attempting to kick staff and lunged at a correctional officer, verbal orders were given, physical force was utilized to gain compliance.  This incident does not involve Plaintiff PAULCIN, is outside the scope of discovery in this matter, and PAULCIN was not present at Charlotte C.I. at the time; see above (j) and (k).

m.   This MINS report deals with an incident date of June 27, 2017, involving inmates Butler and Roseboro.  Inmates began chanting and striking their cell doors, striking windows; verbal commands were given, force was utilized to gain compliance.  This is outside the scope of discovery in this matter, does not relate to Plaintiff PAULCIN, and PAULCIN was not at Charlotte C.I. at the time.

n.   This MINS report deals with an incident date of June 8, 2017, involving inmate Spradley.   Inmate Spradley was creating a disturbance, kicking the cell door, attempted to flood his cell, causing water to flow out of his cell into the hallway;  verbal orders were given, force was utilized to gain compliance.  This matter is outside the scope of discovery in this matter, does not relate to Plaintiff PAULCIN, and PAUCLIN was not present at Charlotte C.I. at the time.

o.   This MINS report deals with an incident date of June 4, 2017, involving inmate Cunningham.  Inmate Cunningham broke his fire suppression sprinkler system, use of force not noted after restraints were placed on him.  This matter is outside the scope of discovery in this matter, does not relate to Plaintiff PAULCIN and PAULCIN was not present at Charlotte C.I. at the time.

p.   This MINS report deals with an incident date of May 25, 2017, involving inmate Schwartz.  Inmate Schwartz attempted to breakaway from the escort, force was utilized to gain compliance.  This matter is outside the scope of discovery in this matter, does not relate to Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at the time.

q.   This MINS report deals with an incident date of May 16, 2017, involving inmate Wilson.  Inmate Wilson fled the staff, discarded a weapon, which was recovered.  No use of force was noted.  This matter is outside the scope of discovery in this matter, does not involve Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at the time.

r.  This MINS report deals with an incident date of May 16, 2017, involving inmate Wilson.  This is the same incident as above (q) and below in (s). Defendant incorporates the same comments above herein.

s.  This MINS report deals with an incident date of May 16, 2017, involving inmate Wilson.  This is the same incident as above (q) and (r).  Defendant incorporates the same comments above herein.

t.  This MINS report deals with an incident date of May 2, 2017, involving inmate Lagos.  Inmate Lagos refused escort and lunged at the captain, force was utilized to gain compliance.  This matter is outside the scope of discovery in this matter, and does not involve Plaintiff PAULCIN.

u.  This MINS report deals with an incident date of May 1, 2017, involving inmate Moultrie.  Inmate Moultrie exhibited destructive behavior, no use of force was utilized.  This matter is outside the scope of discovery in this matter and does not relate to Plaintiff PAULCIN.

v.  This MINS report deals with an incident date of March 7, 2017, involving inmate Crooke.  Inmate Crooke forced himself down a stairwell, became lightheaded, fell out of a chair.  No use of force was utilized.  This matter is outside the scope of discovery, and does not involve Plaintiff PAULCIN.

w.  This MINS report deals with an incident date of March 7, 2017.  This is the same incident as above (v).  Defendant incorporates the same comments above herein.

x.  This MINS report deals with an incident date of November 1, 2016, involving inmate Lee.  Inmate Lee threw food out of the food tray striking Defendant REID.  This matter is outside the scope of discovery in this matter, and does not involve to Plaintiff PAULCIN. See MINS below (y).

y.  This MINS report deals with an incident date of November 1, 2016, involving inmate Lee.  This is the same incident as above (x), however, inmate Lee also attempted to strike an officer with a weapon.  Force was utilized to gain compliance.  This is outside the scope of discovery, and does not involve Plaintiff PAULCIN.

z.  This MINS report deals with an incident date of August 1, 2016, inmate complained sexual assault by Defendant REID, but did not provide a date, time or any description of the alleged incident. Interview was attempted, but refused. No use of force indicated. This matter is outside the scope of discovery in this matter and does not involve Plaintiff PAULCIN.

aa. This MINS report deals with an incident date of July 11, 2016, involving inmate Anderson.  Inmate Anderson used restraints to break his fire sprinkler head, force utilized to gain compliance.  This is

outside the scope of discovery in this matter and does not involve Plaintiff PAULCIN.

bb. This MINS report deals with an incident date of July 11, 2016, involving inmate Jones.   MINS report deals with an assault and location of a weapon along the fence line.  No use of force is noted.  This matter is outside the scope of discovery in this matter and does not involve Plaintiff PAULCIN.

cc. This MINS report deals with an incident date of July 11, 2016, involving inmate Smith.  Inmate Smith jumped on a conference room table, verbal orders were given, force was utilized to gain compliance.   This matter is outside the scope of discovery in this matter and does not involve Plaintiff PAULCIN.

dd. This MINS report deals with an incident date of July 7, 2016, involving inmates Long and Garcia.  Two inmates were fighting, orders were given, no use of force noted after restraints placed.  This is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.

ee. This MINS report deals with an incident date of July 1, 2016, involving inmate Hunter.  Inmate Hunter was creating a disturbance, was ordered to cease, force was utilized to gain compliance.  This matter is outside the scope of discovery in this matter, and does not relate Plaintiff PAULCIN.

ff.  This MINS report deals with an incident date of June 22, 2016, involving Wilcox.  Inmate Wilcox flooded the area while in the shower, refused to comply, use of force utilized to gain compliance.  This matter is outside the scope of discovery in this matter, and does not involve Plaintiff PAULCIN.

gg. This MINS report deals with an incident date of June 17, 2016, involving a fight between two inmates, Martin and Tirado.  No use of force noted.  This matter is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.

hh. This MINS report deals with an incident date of May 3, 2016, involving inmate Skeens.  Inmate Skeens was creating a disturbance, verbal orders were given, force was used to gain compliance.  This matter is outside the scope of discovery in this matter, and does not involve Plaintiff PAULCIN.

ii.  This MINS report deals with an incident date of April 21, 2016, involving inmates Brown and Freeman.  This MINS report deals with a sweep of the dormitory at Martin C.I., a different facility.  This matter is out of the scope of discovery in this matter, and does not involve Plaintiff PAULCIN.

jj.  This MINS report deals with an incident date of February 26, 2016, involving inmate Hall.  Inmate Hall resisted and attempted to free from his hand restraints, verbal orders were given, force was utilized to

gain compliance.  This matter is outside the scope of discovery in this matter, and does not involve Plaintiff PAULCIN.

kk. This MINS report deals with an incident date of January 21, 2016, involving inmate Johnson.  Inmate Johnson became disorderly by attempting to break the escort and flailing his upper torso back and forth, verbal commands were given to cease, to no avail.  Force was used to gain compliance.   This matter is outside the scope of discovery in this matter, and does not involve Plaintiff PAULCIN.

ll.  This MINS report deals with an incident date of December 24, 2015 involving inmate Petruschke.  Inmate Petruschke refused to place his arm back into the cell to secure the food flap, verbal orders were given, force was used to gain compliance.  This matter is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.

mm.      This MINS report deals with an incident date of December 18, 2015.  This MINS report deals with discovery of a cell phone after locating foot prints in the area.  No use of force was noted.  This is outside the scope of discovery in this matter and does not relate to Plaintiff PAULCIN.

nn. This MINS report deals with an incident date of December 14, 2015.  Defendant REID located a weapon in the grass while doing a pat search on inmates.  No use of force was noted.  This matter is outside the scope of discovery in this matter and does not relate to Plaintiff PAULCIN.

oo. This MINS report deals with an incident date of November 30, 2015, involving inmate Diaz.   Inmate Diaz appeared to be under the influence, attempted to pull away from the escort and refused to walk, verbal orders were given, force was utilized to gain compliance.  This is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.

pp. This MINS report deals with an incident date of November 30, 2015, involving inmate Diaz.  This is the same incident as above (oo).  Defendant incorporates the same arguments above herein.

qq. This MINS report deals with an incident date of November 4, 2015, involving inmate Sperling.  Inmate Sperling was harming himself in his cell, verbal orders were given, force was utilized to gain compliance.  This matter is outside the scope of discovery in this matter and does not relate to Plaintiff PAULCIN.

rr. This MINS report deals with an incident date of October 27, 2015, involving inmates Douglas and Odoms.  Two inmates were fighting, verbal orders were given, force was utilized to gain compliance.  This matter is outside the scope of discovery in this matter and does not relate to Plaintiff PAULCIN.

ss. This MINS report deals with an incident date of October 22, 2015, involving Faison. Inmate Faison was injuring himself, verbal orders were given, force was utilized to gain compliance to prevent further injury. This matter is outside the scope of this matter and does not relate to Plaintiff PAULCIN.

tt. This MINS report deals with an incident date of October 4, 2015, involving inmate Harris. Inmate Harris' locker was searched, at which time inmate struck Defendant REID, force was utilized to gain compliance. This matter is outside the scope of discovery in this matter, and does not involve Plaintiff PAULCIN.

uu. This MINS report deals with an incident date of June 21, 2015. This MINS deals with a search for a missing person requested, a search was performed, no person located (15 year old male). No use of force is noted. This matter is outside the scope of discovery in this matter and does not relate to Plaintiff PAULCIN.

vv. This MINS report deals with an incident date of April 5, 2015, involving inmates Bell and Varnes-Appling. It was noted that no use of force was utilized, and they basically were fighting previously. This matter is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN, who was not present at Charlotte C.I. during this time.

5.    Defendant objects to the production of the unredacted versions of the aforementioned MINS reports as they are outside the scope of discovery for this matter, have no bearing upon the dates and allegations Plaintiff has put forth in his Third Amended Complaint, and as such would object resending unredacted versions. Plaintiff PAULCIN himself is not implicated in the MINS reports (to the extent they have not already been disclosed). Any gang involvement has no bearing upon any use of force as it relates to Plaintiff PAULCIN individually, and should not be unredacted whatsoever as it relates to privacy and security issues. The category of injuries on the MINS report has no bearing either, it is simply the use of force that would be at issue on Plaintiff PAULCIN himself. As noted in the MINS reports, each and every MINS report does have a "use of force" category, and each time it has not been redacted it states "y" or "n".

6.    Defendant objects to providing the unredacted versions of the MINS reports as they have no bearing on the current matter and are outside the scope of discovery. Furthermore, almost all deal with inmate disturbances, issuing verbal commands, and

gaining compliance after trying verbal methods.  The remaining deal with actual assaults on correctional officers and preventing further harm, which has no bearing on this matter.

7.      The vast majority deal with unruly inmates disobeying commands, and assaulting correctional officers.  The underacted, or even redacted versions, have no bearing on the instant matter.  Plaintiff simply seeks a fishing expedition of information clearly understood to all who read the redacted versions, and an unredacted version serves no purpose other than to be burdensome materials not relevant.  Any use of force is clearly delineated on the redacted MINS report, and no information can be gathered from unredacted version without comprising the document or privacy.

8.      Plaintiff's request should be denied.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of April 2021 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
***Counsel for Plaintiff***

Alexander Dombrowsky, Esq.
M. Katherine Hunter, Esq.
Chimpoulis & Hunter, P.A.
150 South Pine Island Road
Suite 510
Plantation, Florida 33324
adombrowsky@chimpoulishunter.com
khunter@chimpoulishunter.com
llake@chimpoulishunter.com
***Counsel for Wexford Health Sources, Andres Ozual and Karen Blankenship***

VERNIS & BOWLING of Southwest Florida
**Attorneys for Defendants, Mark Inch,**
**Jonathan Reid, John Willis, James Licata,**
**Jerry Brussell, Kara Williams and Stephen**
**Mathewson**
2369 West First Street
Fort Myers, FL 33901
Office: (239) 334-3035
Facsimile:  (239) 334-7702
**Email Designations:**
WKratochvil@florida-law.com
YGonzalez@florida-law.com
FMFiling@florida-law.com

By:   ___/s/ William O. Kratochvil_____
        William O. Kratochvil
        Florida Bar No. 343640