UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROPHET PAULCIN,

    Plaintiff,

vs.                          CASE NO.: 2:17-cv-232-SPC-MRM

MARK INCH, as Secretary of Department of
Corrections, WEXFORD HEALTH SOURCES, INC.,
JOHN D. WILLIS, KARA WILLIAMS, JAMES LICATA,
JONATHAN REID, J. BRUSSELL,
JELANI POLICARD, STEPHEN MATHEWSON,
KAREN BLANKENSHIP, ANDRES OZUAL,
CAROLYN NIES, and C. JOHNSON,

    Defendants.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOG OF RECORD REQUESTS TO FDOC FOR REMOVAL OF REDACTIONS AS TO DEFENDANT MATHEWSON**

COMES NOW the Defendant, MARK INCH, as Secretary of Department of Corrections, by and through his undersigned counsel, and hereby responds to Plaintiff's Log of Record Requests to FDOC for Removal of Redactions as to Defendant MATHEWSON (Doc. 170) as follows:

    1.    Plaintiff has filed a redacted log for the MINS reports for this individual defendant, and seeks removal of redaction for the following information:

> "Redaction notations for injuries, gang involvement, parts of narrative including a description of injuries and movements; Parts of the narrative presumably involving a description of injuries; Parts of the narrative involving violence and possible injury."

    2.    Plaintiff in his Third Amended Complaint, filed on September 4, 2018 (Doc. 31), relates the following and allegations generally:

        20.    Plaintiff arrived at Charlotte Correctional Institution on May 5, 2015.
        22.    Plaintiff alleges that on August 14, 2015 he was attacked.

31. On December 5, 2016 Plaintiff was placed in Administrative Confinement.
38. On January 23, 2017 Plaintiff was released from confinement.
39. On January 29, 2017 Plaintiff was attacked.
50. Plaintiff was transferred from Charlotte Correctional Institution to Martin Correctional Institution where he later attempted suicide.
51. Plaintiff was recommended for a Crisis Stabilization Unit (CSU).
52. On April 24, 2017, Plaintiff was transferred back to the Crisis Stabilization Unit (CSU) at Charlotte Correctional Institution.
70. Plaintiff was then brought to medical.
71-75. Plaintiff was placed in restraints, and claims his arm was held with "pressure", and placed himself on the floor. He was then put back in his cell. Plaintiff requested medical attention.
76. It was demanded that Plaintiff submit to being uncuffed, Plaintiff refused, and Plaintiff was brought into compliance with the orders to remove the cuffs.
83. On the same date of April 26, 2017 Plaintiff alleges he was attacked.
95-102. Plaintiff was transferred out of Charlotte Correctional Institution on May 8, 2017, and eventually was placed on suicide watch at a different institution after a voluntary hunger strike. In December 2017 Plaintiff was transferred back to Charlotte Correctional Institution for the Crisis Stabilization Unit located at Charlotte C.I.

3. Plaintiff has MINS reports for MATHEWSON totaling twenty-seven (27) MINS incident reports which can be understood clearly in the redacted version. The information sought by Plaintiff is completely irrelevant to the any information Plaintiff would use at any trial and is completely outside the scope of this case. The only count against this Defendant, MATHEWSON, is Count III, Excessive Force, by Plaintiff, PAULCIN, only.

4. The twenty-seven (27) MINS reports Plaintiff wishes to un-redact are as follows:

   a. This MINS report deals with an incident date of December 7, 2017, involving inmate Miller. This involves an inmate becoming deceased. This is outside the scope of discovery in this matter, does not pertain to Plaintiff PAULCIN. Further, no use of force was utilized.
   b. This MINS report deals with an incident date of November 19, 2017, involving inmates Vital and Floyd. Plaintiff PAULCIN was not located at Charlotte C.I. at this time. Further, it deals with two inmates fighting who were given commands to cease, and physical force was utilized

      to gain compliance.  This does not deal with Plaintiff PAULCIN and is outside the scope of discovery.

c. This MINS report deals with an incident date of November 19, 2017, involving inmates Vital and Floyd.  This is the same MINS report listed above in (b), and Defendant incorporates the same comments above.

d. This MINS report deals with an incident date of November 19, 2017, involving inmates Vital and Floyd.  This is the same MINS report listed above in (b), Defendant incorporates the same comments above.

e. This MINS report deals with an incident date of November 8, 2017, involving inmate Gordon.  Inmate Gordon was agitated during acts of self harm; force was utilized to gain compliance.  This is outside of the scope of discovery of this matter, and does not involve Plaintiff PAULCIN; further Plaintiff was not at Charlotte C.I. at this time.

f. This MINS report deals with an incident date of October 16, 2017, involving inmate Hall.  Inmate Hall physical resisted escort, and spit toward Defendant MATHEWSON; physical force was utilized to gain compliance.  This is outside the scope of the discovery in this matter, and does not pertain to Plaintiff PAULCIN.  Further, Plaintiff PAULCIN was not located at Charlotte C.I. at the time.

g. This MINS report deals with an incident date of October 11, 2017, involving inmate Drakes.  Inmate Drakes attempted to breakaway from escort, verbal commands were given, and force was utilized to gain compliance.  This is outside the scope of discovery in this matter, and does not pertain to Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at the time.

h. This MINS report deals with an incident date of September 14, 2017, involving inmate Hill.  Inmate Hill lunged toward a correctional officer, and physical force was used to gain compliance.  This is outside the scope of discovery in this matter, and does not pertain to Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at the time.

i. This MINS report deals with an incident date of July 30, 2017, involving inmate Lane.  Inmate Lane threw feces, striking Defendant MATHEWSON.  Use of force was not utilized.  This is outside the scope of discovery in this matter, and does not pertain to Plaintiff PAULCIN, and PAULCIN was not present at Charlotte C.I. at the time of the incident.

j. This MINS report deals with an incident date of July 6, 2017, involving inmate Lee.  Inmate Lee attempted to kick staff and lunged at correctional officers; verbal commands were given to no avail and physical force was utilized to gain compliance.  This is outside the scope of discovery in this matter, and does not deal with Plaintiff PAULCIN, and Plaintiff was not present at Charlotte C.I. at the time of the incident.

k. This MINS report deals with an incident date of May 16, 2017, involving inmate Wilson. Inmate Wilson refused to be searched, brandished a weapon, orders were given to drop the weapon, the inmate refused and fled; force was used to gain compliance. This is outside the scope of discovery in this matter, and does not pertain to Plaintiff PAULCIN. PAULCIN was not present at Charlotte C.I.
l. This MINS report deals with an incident date of May 16, 2017, involving inmate Wilson (see above in (k)).
m. This MINS report deals with an incident date of May 1, 2017, involving inmate Pursell. Inmate Pursell attempted to breakaway from Defendant MATHEWSON's grasp, verbal commands were given, force was utilized to gain compliance. This is outside the scope of discovery, and does not pertain to Plaintiff PAULCIN.
n. This MINS report deals with an incident date of May 1, 2017, involving inmate Moultrie. No use of force was utilized, the inmate was exhibiting disruptive behavior, and the incident was resolved. No use of force was utilized. This is outside the scope of discovery in this matter, and does not pertain to Plaintiff PAULCIN.
o. This MINS report deals with Plaintiff, PAULCIN on April 27, 2017. As seen by the incident report, in this incident report it states that he was being escorted downstairs (per the Complaint, to medical), and claimed he was pinched and squeezed on the right upper arm. There was no mention of inmate PAULCIN laying on the ground per the Complaint. It does state that he was "thrown" back into his cell and then the officers came in and "abused and insulted him". As can be seen by the redacted version, the event is clearly documented, and a unredacted version serves no purpose. Any gang involvement is irrelevant and any injuries (if any) of Plaintiff would be documented elsewhere. Furthermore, this information has been disclosed in prior discovery.
p. This MINS report deals with an incident date of April 8, 2017, involving inmate Garcia. Inmate Garcia refused his 9th consecutive meal. No use of force was utilized. This is outside the scope of discovery and does not pertain to Plaintiff PAULCIN.
q. This MINS report deals with an incident date of March 29, 2017, involving inmate Wilson. No use of force was utilized, allegations made that "staff" assaulted him, no specific staff member is named in the redacted version, allegations occurred immediately after a related MINS report (discussed below in (r)). This is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.
r. This MINS report deals with an incident date of March 29, 2017, involving inmate Wilson. Inmate Wilson was throwing things against the wall, and swinging his restrained hands towards Defendant MATHEWSON's direction. Force was utilized to gain compliance and

  to prevent assault on Defendant MATHEWSON or other staff. This is outside the scope of discovery in this matter, and does not pertain to Plaintiff PAULCIN.
s. This MINS report deals with an incident date of January 27, 2017, involving inmate Shepherd. Inmate Shepherd was agitated and at risk for self harm, and was combative and attempting assault. Use of force was utilized to prevent an assault. This is outside the scope of discovery in this matter and does not involve Plaintiff PAULCIN.
t. This MINS report deals with an incident date of November 15, 2016, involving inmate Austin. No use of force is noted, and simply denotes that inmate Austin refused his 9th consecutive meal. This is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.
u. This MINS report deals with an incident date of August 31, 2016, involving inmate Duquette. Inmate Duquette attempted to break away from the escort, verbal commands were given, physical force was utilized to gain compliance. This is outside of the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.
v. This MINS report deals with an incident date of July 30, 2016, involving inmate Anderson. Inmate Anderson was kicking his cell door and flooding his cell, verbal orders were given to no avail, and force was utilized to gain compliance. This is outside the scope of discovery in this matter, and does relate to Plaintiff PAULCIN.
w. This MINS report deals with an incident date of July 20, 2016, involving inmate Stanley. Inmate Stanley spit on Defendant MATHEWSON on the left side. No use of force was noted. This is outside the scope of discovery in this matter, and does not relate to Plaintiff PAULCIN.
x. This MINS report deals with an incident date of July 20, 2016, involving inmate Stanley. Inmate Stanley while being escorted made several attempts to throw himself on the ground, verbal commands were given, physical force was utilized to gain compliance. This is outside the scope of discovery in this matter, and does not pertain to Plaintiff PAULCIN.
y. This MINS report deals with an incident date of July 11, 2016, involving inmate Smith. Inmate Smith pulled away from Defendant MATHEWSON and leaped onto the conference room table, verbal commands were given, and force was utilized to gain compliance. This is outside the scope of discovery in this matter, and does not pertain to Plaintiff PAULCIN.
z. This MINS report deals with an incident date of May 25, 2016, involving inmate Johnson. Inmate Johnson was given a food tray, and refused to relinquish the food tray, and said he wanted another food tray, and then threw milk striking Defendant MATHEWSON and

      Officer Garcia.  Use of force is not noted, this is outside the scope of discovery in this matter, and does not involve to Plaintiff PAULCIN.

  aa.  This MINS report deals with an incident date of January 6, 2015, no inmates were involved.  No use of force is indicated.  This is a car accident involving another correctional officer.  This is outside the scope of discovery in this matter, and does not involve Plaintiff PAULCIN.

5.    Defendant objects to the production of the unredacted versions of the aforementioned MINS reports as they are outside the scope of discovery for this matter, have no bearing upon the dates and allegations Plaintiff has put forth in his Third Amended Complaint, and as such would object resending unredacted versions.  Plaintiff PAULCIN himself is not implicated in the MINS reports (to the extent they have not already been disclosed).  Any gang involvement has no bearing upon any use of force as it relates to Plaintiff PAULCIN individually, and should not be unredacted whatsoever as it relates to privacy and security issues.  The category of injuries on the MINS report has no bearing either, it is simply the use of force that would be at issue on Plaintiff PAULCIN himself.  As noted in the MINS reports, each and every MINS report does have a "use of force" category, and each time it has not been redacted it states "y" or "n".

6.    Defendant objects to providing the unredacted versions of the MINS reports as they have no bearing on the current matter and are outside the scope of discovery.  Furthermore, almost all deal with inmate disturbances, issuing verbal commands, and gaining compliance after trying verbal methods.  The remaining deal with actual assaults on correctional officers and preventing further harm, which has no bearing on this matter.

7.    The vast majority deal with unruly inmates disobeying commands, and assaulting correctional officers.  The underacted, or even redacted versions, have no bearing on the instant matter.  Plaintiff simply seeks a fishing expedition of information clearly understood to all who read the redacted versions, and an unredacted version serves no purpose other than to be burdensome materials not relevant.  Any use of force is clearly delineated on the redacted MINS report, and no information can be gathered from unredacted version without comprising the document or privacy.

8.    Plaintiff's request should be denied.

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on this 8th day of April 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
*Counsel for Plaintiff*

Alexander Dombrowsky, Esq.
M. Katherine Hunter, Esq.
Chimpoulis & Hunter, P.A.
150 South Pine Island Road
Suite 510
Plantation, Florida 33324
adombrowsky@chimpoulishunter.com
khunter@chimpoulishunter.com
llake@chimpoulishunter.com
*Counsel for Wexford Health Sources, Andres Ozual and Karen Blankenship*

            VERNIS & BOWLING of Southwest Florida
            **Attorneys for Defendants, Mark Inch, Jonathan Reid, John Willis, James Licata, Jerry Brussell, Kara Williams and Stephen Mathewson**
            2369 West First Street
            Fort Myers, FL 33901
            Office: (239) 334-3035
            Facsimile: (239) 334-7702
            **Email Designations:**
            WKratochvil@florida-law.com
            YGonzalez@florida-law.com
            FMFiling@florida-law.com

            By:   */s/ William O. Kratochvil*
                   William O. Kratochvil
                   Florida Bar No. 343640