UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROPHET PAULCIN,

    Plaintiff,

vs.        CASE NO.: 2:17-cv-232-SPC-MRM

MARK INCH, as Secretary of Department of
Corrections, WEXFORD HEALTH SOURCES, INC.,
JOHN D. WILLIS, KARA WILLIAMS, JAMES LICATA,
JONATHAN REID, J. BRUSSELL,
JELANI POLICARD, STEPHEN MATHEWSON,
KAREN BLANKENSHIP, ANDRES OZUAL,
CAROLYN NIES, and C. JOHNSON,

    Defendants.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOG OF RECORD REQUESTS TO FDOC FOR REMOVAL OF REDACTIONS AS TO DEFENDANT BUSSELL**

COMES NOW the Defendant, MARK INCH, as Secretary of Department of Corrections, by and through his undersigned counsel, and hereby responds to Plaintiff's Log of Record Requests to FDOC for Removal of Redactions as to Defendant BUSSELL (Doc. 168) as follows:

1. Plaintiff has filed a redacted log for the MINS reports for this individual defendant, and seeks removal of redaction for the following information:

> "Redaction notations for injuries, gang involvement, parts of narrative including a description of injuries and movements; Parts of the narrative presumably involving a description of injuries; Parts of the narrative involving violence and possible injury."

2. Plaintiff in his Third Amended Complaint, filed on September 4, 2018 (Doc. 31), relates the following and allegations generally:

> 20.    Plaintiff arrived at Charlotte Correctional Institution on May 5, 2015.
> 22.    Plaintiff alleges that on August 14, 2015 he was attacked.

31. On December 5, 2016 Plaintiff was placed in Administrative Confinement.
38. On January 23, 2017 Plaintiff was released from confinement.
39. On January 29, 2017 Plaintiff was attacked.
50. Plaintiff was transferred from Charlotte Correctional Institution to Martin Correctional Institution where he later attempted suicide.
51. Plaintiff was recommended for a Crisis Stabilization Unit (CSU).
52. On April 24, 2017, Plaintiff was transferred back to the Crisis Stabilization Unit (CSU) at Charlotte Correctional Institution.
70. Plaintiff was then brought to medical.
71-75. Plaintiff was placed in restraints, and claims his arm was held with "pressure", and placed himself on the floor. He was then put back in his cell. Plaintiff requested medical attention.
76. It was demanded that Plaintiff submit to being uncuffed, Plaintiff refused, and Plaintiff was brought into compliance with the orders to remove the cuffs.
83. On the same date of April 26, 2017 Plaintiff alleges he was attacked.
95-102. Plaintiff was transferred out of Charlotte Correctional Institution on May 8, 2017, and eventually was placed on suicide watch at a different institution after a voluntary hunger strike. In December 2017 Plaintiff was transferred back to Charlotte Correctional Institution for the Crisis Stabilization Unit located at Charlotte C.I.

3. Plaintiff has MINS reports for BUSSELL totaling twenty-three (23) MINS incident reports which can be clearly understood in the redacted version. The information sought by Plaintiff is completely irrelevant to the any information Plaintiff would use at any trial and is completely outside the scope of this case. The only count against this Defendant, BUSSELL, is Count III, Excessive Force, by Plaintiff, PAULCIN, only.

4. The twenty-three (23) MINS reports Plaintiff wishes to un-redact are as follows:

   a. This MINS report deals with an incident on September 25, 2017 concerning an email, where Defendant BUSSELL simply is in the subject line. It is a sexual harassment "incident type". The redacted version shows nothing whatsoever that Defendant BUSSELL did, it is a general MINS concerning an email and is outside the scope of discovery in this matter.
   b. This MINS report deals with an incident on May 30, 2017 concerning inmate Ellis. It should be noted that Plaintiff PAULCIN was not even located at Charlotte C.I. at the time. It is clear from the redacted

version that inmate Ellis attempted to kill himself, as noted. No force was applied as noted in the MINS. This incident does not involved Plaintiff PAULCIN and is outside of the scope of this matter.
c. This MINS report deals with Plaintiff, PAULCIN. As seen by the incident report, in this incident report it states that he was being escorted downstairs (per the Complaint, to medical), and claimed he was pinched and squeezed on the right upper arm. There was no mention of inmate PAULCIN laying on the ground per the Complaint. It does state that he was "thrown" back into his cell and then the officers came in and "abused and insulted him". As can be seen by the redacted version, the event is clearly documented, and a unredacted version serves no purpose. Any gang involvement is irrelevant and any injuries (if any) of Plaintiff would be documented elsewhere. Furthermore, this information has been disclosed in prior discovery.
d. This MINS report deals with an incident date of January 27, 2017 involving inmate Shepherd, where an inmate became aggressive with increased agitation and the risk of self harm, and physical force was utilized to gain compliance and from further assault. This is outside the scope of discovery for Plaintiff PAULCIN and does not deal with Plaintiff PAULCIN).
e. This MINS report deals with an incident date of June 18, 2016 with inmate Johnson. Force was utilized on inmate Johnson to gain compliance. The redacted version gives a complete version of the description of the event. An unredacted version is unnecessary. Further, this incident does not involve Plaintiff PAULCIN.
f. This MINS report deals with an incident date of June 18, 2016, which involves inmate Johnson (same inmate as listed above in e.). As seen from the description of physical evidence, the correctional officers discovered two pieces of metal inside inmate Johnson's socks. This is outside the scope of discovery for an unredacted version, and does not involve Plaintiff PAULCIN whatsoever.
g. This MINS report deals with an incident date of May 17, 2016, involving inmate Williams. As seen from the redacted version, inmate Williams struck another correctional officer in the head, and physical force was used to gain compliance. This is outside the scope of discovery and does not involve Plaintiff PAULCIN.
h. This MINS report deals with an incident date of May 17, 2016, involving inmate Williams. (this is the same incident report referenced above in g.). Defendant incorporates the same comments as to relevance and outside of scope.
i. This MINS report deals with an incident date of April 4, 2016, involving inmate Britt. As seen in the redacted version, inmate Britt was laying

      on his mattress and then was escorted with no force. This is outside the scope of discovery, and has nothing to do with Plaintiff PAULCIN.

j. This MINS report deals with an incident date of March 25, 2016, involving inmate Lester, where Defendant BUSSELL was simply a witness to an incident where compliance was received by verbal order only and no force was used. This is outside the scope of discovery and does not deal with Plaintiff PAULCIN.

k. This MINS report deals with an incident date of March 21, 2016, involving inmate Harriell. From the description of the incident inmate Harriell while escorted attempted to run away, verbal orders were to no avail, force was used to gain compliance. This is outside the scope of discovery and does not deal with Plaintiff PAULCIN.

l. This MINS report deals with an incident date of November 3, 2015. There is nothing in the redacted version that does not complete what occurred, except for the injuries and gang involvement which have no bearing on Plaintiff PAULCIN, and is outside the scope of discovery.

m. This MINS report deals with an incident date of September 22, 2015, involving inmate Tejada. As seen from the description of the incident, this involves the inmate shoving a correctional officer, physical force being used to gain compliance. This is outside the scope of discovery in this matter and does not involve Plaintiff PAULCIN.

n. This MINS report deals with an incident date of September 13, 2015, involving inmate Valero. This incident does not involve Plaintiff PAULCIN whatsoever, and the redacted version explaining the description of incident. This is outside the scope of discovery as it relates to this matter.

o. This MINS report deals with an incident date of September 3, 2015, involving inmate Dalton. This obviously deals nothing with Plaintiff PAULCIN, and is outside the scope of discovery. No use of force was used whatsoever as noted in the incident report, and is inapplicable to this matter to be unredacted as outside the scope of discovery.

p. This MINS report deals with an incident date of June 10, 2015, involving inmate Constant. Inmate Constant refused to follow orders, whereupon inmate Constant assaulted Defendant BUSSELL and physical force was used to gain compliance and to stop further assault. This has nothing to do with Plaintiff PAULCIN, and is outside the scope of discovery.

q. This MINS report deals with an incident date of May 19, 2015, involving Vollmer. Inmate Vollmer became combative, orders were to given, inmate refused to cease his actions, and physical force was used to gain compliance. This is outside the scope of discovery in this matter and has nothing to do with Plaintiff PAULCIN.

r. This MINS report deals with an incident date of May 19, 2015, involving inmate Carmona. This concerns inmate Carmona becoming

      agitated and flinging his arms attempting to breakaway, several orders being refused, and physical force being utilized to gain compliance. This has nothing to do with Plaintiff PAULCIN nor is it relevant to the discovery in this matter, and is outside of the scope of discovery.

s. This MINS report deals with an incident date of May 14, 2015, which was a use of force review. This has nothing to do with Defendant BUSSELL, and he just simply was a witness and it had nothing to do with the incident. It has nothing to do with Plaintiff PAULCIN, and is outside of the scope of discovery in this matter.

t. This MINS report deals with an incident date of February 14, 2015, involving inmate Dorava. Inmate Dorava became argumentative and attempting to lunge towards Defendant BUSSELL. Verbal commands were given, and physical force was used to gain compliance and cease an assault. This is outside the scope of discovery in this matter and does not involve Plaintiff PAULCIN.

u. This MINS report deals with an incident date of February 9, 2015, involving inmate Crouse. This concerns inmate Crouse being restrained due to threatening self harm, as seen in the redacted version. However, no force was necessary used during this incident, simply medical constraints. This has nothing to do with Plaintiff PAULCIN and is outside of the scope of discovery in this matter.

v. This MINS report deals with an incident date of January 17, 2015, involving inmate Whitefield. Inmate Whitefield refused to take a shower despite being told to several times, staff was authorized to use force to gain compliance after verbal orders were refused. This has nothing to do with Plaintiff PAULCIN, and is outside the scope of discovery in this matter.

w. This MINS report deals with an incident date of December 29, 2014, involving inmate Perry. Inmate Perry refused to walk and chose to lay on the floor, verbal commands were given to no avail, and force was utilized to gain compliance. This does not involve Plaintiff PAULCIN and is outside the scope of discovery.

     5.    Defendant objects to the production of the unredacted versions of the aforementioned MINS reports as they are outside the scope of discovery for this matter, have no bearing upon the dates and allegations Plaintiff has put forth in his Third Amended Complaint, and as such would object resending unredacted versions. Plaintiff PAULCIN himself is not implicated in the MINS reports (to the extent they have not already been disclosed). Any gang involvement has no bearing upon any use of force as it relates to Plaintiff PAULCIN individually, and should not be unredacted whatsoever as it relates to privacy and security issues. The category of injuries on the MINS report has no bearing

either, it is simply the use of force that would be at issue on Plaintiff PAULCIN himself. As noted in the MINS reports, each and every MINS report does have a "use of force" category, and each time it has not been redacted it states "y" or "n".

6. Defendant objects to providing the unredacted versions of the MINS reports as they have no bearing on the current matter and are outside the scope of discovery. Furthermore, almost all deal with inmate disturbances, issuing verbal commands, and gaining compliance after trying verbal methods. The remaining deal with actual assaults on correctional officers and preventing further harm, which has no bearing on this matter.

7. The vast majority deal with unruly inmates disobeying commands, and assaulting correctional officers. The underacted, or even redacted versions, have no bearing on the instant matter. Plaintiff simply seeks a fishing expedition of information clearly understood to all who read the redacted versions, and an unredacted version serves no purpose other than to be burdensome materials not relevant. Any use of force is clearly delineated on the redacted MINS report, and no information can be gathered from unredacted version without comprising the document or privacy.

8. Plaintiff's request should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of April 2021 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

James V. Cook, Esq.
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
***Counsel for Plaintiff***

Alexander Dombrowsky, Esq.
M. Katherine Hunter, Esq.
Chimpoulis & Hunter, P.A.

150 South Pine Island Road
Suite 510
Plantation, Florida 33324
adombrowsky@chimpoulishunter.com
khunter@chimpoulishunter.com
llake@chimpoulishunter.com
**Counsel for Wexford Health Sources, Andres Ozual and Karen Blankenship**

VERNIS & BOWLING of Southwest Florida
**Attorneys for Defendants, Mark Inch, Jonathan Reid, John Willis, James Licata, Jerry Brussell, Kara Williams and Stephen Mathewson**
2369 West First Street
Fort Myers, FL 33901
Office: (239) 334-3035
Facsimile:  (239) 334-7702
**Email Designations:**
WKratochvil@florida-law.com
YGonzalez@florida-law.com
FMFiling@florida-law.com

By:   __/s/ William O. Kratochvil_____
        William O. Kratochvil
        Florida Bar No. 343640